**AAA Life Insurance Co. v. Walker**

*J. Michael Wiley*, for petitioner.

*Marc S. Drier*, for claimant/interpleader.

GRAY, *J.*, October 10, 2013—

## ORDER

And now, this 10th day of October, 2013, following oral argument on petitioner's petition for interpleader and claimant Walker's motion for judgment on the pleadings held October 2, 2013, it is hereby ordered and directed that petitioner AAA's petition is granted and claimant Farr's motion is granted in part and denied in part. Specifically, it is ordered and the court finds the following.

1. As the court finds that there are competing claims to the insurance proceeds, claimants John Earl Walker and Wayne A. Farr are interpleaded into this case and a final order shall be subsequently entered in this matter.

2. Petitioner AAA Life Insurance Company shall deposit with the Lycoming County prothonotary the proceeds of the Group Life Insurance Certificate No. 0002487079 pending disposition of the claimants' competing claims and the determination of the amount of attorney's fees and costs awarded to petitioner AAA Life Insurance Company.

3. Petitioner AAA Life Insurance Company is hereby awarded its reasonable attorney's fees pursuant to 42 Pa.C.S.A. §2503(4) in an amount to be determined at the final hearing in this matter.

4. Claimant Wayne A. Farr moved for a judgment on the pleadings pursuant to Pa. R.C.P. 1034 on the grounds that the decedent properly and fully changed the beneficiary on the policy by complying with the policy's only requirement when decedent signed the instruction on

AAA's form and sent it back to them.

5. Claimant Wayne A. Farr further asserted that a judgment on the pleadings is appropriate because "no legally recognizable reason for disregarding the change of beneficiary is alleged in the letter" and because no answer or other responsive pleading had been filed with the court as required by Pa. R.C.P. 1034.

6. However, on July 25, 2013, claimant John E. Walker filed a response with the court, and therefore his lack of response cannot provide grounds for entering a judgment on the pleadings.

7. Claimant Walker's response asserted that Walker is the legal beneficiary and has been since 1999 and that no change of beneficiary occurred. At argument, claimant Walker conceded that the form bears the decedent's signature but asserted that the change of beneficiary was not effective because decedent failed to complete the form properly.

8. Claimant John E. Walker further asserted that decedent's mental health, including her alleged suicidal history and drug and alcohol abuse, essentially rendered her incompetent to effectuate a change in the beneficiary and requested forty-five (45) days to gather records in support of that claim.

9. Claimant John E. Walker also asserted that the proceeds of the life insurance should be paid toward two mortgages held by both him and the decedent.

10. Petitioner AAA Life Insurance Company averred that on April 12, 2013, it "received a telephone call from the decedent insured to add or change beneficiary(ies) and a Request for Change Beneficiary/Name form was sent

to the decedent[.]" *See*, petition for interpleader, ¶9. This averment was uncontested in the pleadings/responses.

11. Petitioner AAA Life Insurance Company also averred that a request for change beneficiary/name form was received from decedent on April 25, 2013. *See*, petition for interpleader, ¶10. This averment was uncontested in the pleadings/responses.

12. The request for change beneficiary/name form that was received by AAA Life Insurance on April 25, 2013 contains written notice of a change in beneficiary and is signed "Melody L. Walker" and dated April 18, 2013. *See*, petition for interpleader, exhibit "C."

13. Decedent, Melody L. Walker, died on April 30, 2013. *See*, petition for interpleader, ¶12. This averment was uncontested in the pleadings/responses.

14. Petitioner also averred that on May 1, 2013, a letter was sent to decedent advising her that her request for change beneficiary/name form could not be processed and requesting additional information be submitted in order to complete the requested change of beneficiary. This averment was uncontested in the pleadings/responses.

15. The AAA group life insurance policy allows a change of beneficiary at any time and provides a method for changing a beneficiary. The policy states as follows: "Unless restricted by law, the Insured Person may change the beneficiary at any time. To name or change a beneficiary, the Insured Person must give AAA Life notice in writing which is signed by the Insured Person. The change of beneficiary is effective the date it is received by AAA Life." *See*, petition for interpleader, exhibit A, page 6, Part VI, beneficiary and benefit proceeds options.

## Legal Standard

16. Pa. R.C.P. 1034 provides that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings."

17. A motion for judgment on the pleadings may be entered by this court "when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law," similar to a demurrer. *Mellon Bank, N.A., v. Nat'l Union Inc.*, 768 A.2d 865, 868 (Pa.Super. Ct. 2001) (citations omitted).

18. The general rule is that a "change of beneficiary requires strict or literal compliance with policy terms," but "our case law has recognized an exception where an insured makes reasonable but unsuccessful efforts to send notice. This exception will recognize a change in beneficiary designation, even though notice is received after the death of the annuitant, if the annuitant made every reasonable effort to comply with the notice requirements of the policy." *Fatin Alkhafaji v. TIAA-CREF Individual & Institutional Servs., LLC*, 69 A.3d 219, 222 (Pa. 2013) (citations omitted).

19. 42 Pa.C.S.A. §2503(4) provides that "[t]he following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter: *** (4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct." *Id.*

## Conclusions of Law

a. Compliance with Policy Requirements to Change

Beneficiary

20. Claimant Walker has not raised an issue of disputed fact as to whether the decedent completed the form sufficiently to effectuate the change of beneficiary because at argument claimant Walker conceded that the form bears decedent's signature.

21. Since claimant Walker conceded that the form bears the decedent's signature, as a matter of law, the request for change beneficiary/name form, which was received by petitioner AAA Life Insurance Company, complied with the requirements provided in the AAA group life insurance policy. *See*, petition for interpleader, exhibit A, page 6, Part VI, beneficiary and benefit proceeds options, and exhibit C.

22. Therefore claimant Farr's motion for judgment on the pleadings is granted as to the issue of compliance with the requirements of the AAA Life Insurance Company for changing a beneficiary.

b. Competency to Change Beneficiary

23. Claimant John E. Walker asserted that decedent's mental health, including her alleged long history of suicide attempts, psychiatric hospitalizations and drug and alcohol abuse, essentially rendered her incompetent or lacking the capacity to effectuate a change in the beneficiary and requested forty-five (45) days to gather records in support of that claim. *See*, claimant's response, filed July 25, 2013.

24. Since claimant Walker raised an issue of disputed fact as to the competency or capacity of the decedent to effectuate a change in the beneficiary, the motion for judgment on the pleadings is denied solely as to the issue of competency to change the beneficiary.

25. Claimant Walker's request for forty-five (45) days to gather records in support of his claim on the issue of the competency of the decedent to effectuate a change in the beneficiary is granted. Claimant Walker shall provide an opportunity for claimant Farr, through his attorney, to view and/or copy such records not later than November 17, 2013.

c. Attorney Fees

26. A possessor of insurance proceeds claimed by two rival people is entitled to an award of attorney fees pursuant to 42 Pa.C.S.A. §2503(4).

27. As the court finds that there are competing claims to the insurance proceeds in this matter and ordered AAA Life Insurance Company to deposit such funds with the court, AAA Life Insurance Company is entitled to an award of reasonable attorney fees pursuant to 42 Pa.C.S.A. §2503(4).

28. Counselor for petitioner AAA Life Insurance Company shall provide detailed time sheets, including time spent, tasks performed and hourly rates, in a supplemental affidavit on or before November 1, 2013. The original shall be filed with the court, with copies to Mr. Drier and Mr. Walker.

29. A final hearing on the competency issue is scheduled for the 20th day of November, 2013 in Courtroom # 3 at 3:00 P.M. The parties may provide testimony, evidence, and arguments. The court will hear arguments on the amount of attorney's fees to be awarded.